ALEXANDER DUBIES, RESPONDENT, v. MANUFACTURERS' LIABILITY INSURANCE COMPANY AND TIETJEN & LANG DRY DOCK COMPANY, APPELLANTS.

Submitted March 23, 1921—Decided June 7, 1921.

1. Copies of compensation agreements filed with the department of labor have no probative force in judicial proceedings to recover compensation under said agreements, in the absence of statutory warrant for their reception in evidence.

2. Admission of payments to a plaintiff, pursuant to the provisions of the Workmen's Compensation act, made in an answer filed by the defendant in a suit to recover compensation under an alleged agreement made between the parties, is presumptive evidence that the payments were made only under those provisions of the law which required the making of an agreement.

On appeal from the Hudson County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the respondent, *Charles M. Egan.*

For the appellants, *Randolph Perkins.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment rendered in the Hudson County Court of Common Pleas against the appellants (the defendants below) for $80 and costs. The complaint alleges that the plaintiff was in the employ of the defendant Tietjen & Lang Dry Dock Company prior to April 22d, 1919; that this company was insured against liability for compensation for injuries to its employes by the defendant Manufacturers' Liability Company; that on April 22d, 1919, the plaintiff was injured, and, subsequently, caused proceedings to be instituted before the Workmen's Compensation Bureau and recovered compensation for temporary and permanent disability; that the defendant Manufacturers' Liability Insurance Company paid the plaintiff compensation for permanent disability to May 15th, 1920; that since that date it has refused to make further payments. The answer admits these allegations, and further admits that the payments were made, pursuant to the Workmen's Compensation act, and then avers that the payments were made under a mistake of law and fact, and that the act as to the injuries of the plaintiff is unconstitutional and in violation of article 3, section 2 of the United States constitution, and the

FEBRUARY TERM, 1921. 709

96 N. J. L.    Dubies v. Manufacturers' Lia. Insur. Co.

defendants are under no obligation to make payments of compensation to the plaintiff.

At the trial there was offered in evidence for the plaintiff three forms, filled out from the files in the office of the department of labor, as the original records in the office of that department. This offer was objected to on the grounds that the papers were incompetent to prove a contract and that there was no proof of their execution. The plaintiff rested and a motion to nonsuit was made on the grounds that there was no proof of a contract between the parties or a breach thereof. The motion was denied. We see no error in the ruling of the trial court on this motion. The papers offered in evidence had no probative force in the absence of statutory warrant for the reception of copies of the compensation agreement as evidence in judicial proceedings (*Francis* v. *Newark,* 58 *N. J. L.* 522), but the seventh paragraph of the defendant's answer admitted the paying of compensation to the defendant, pursuant to the provisions of the Workmen's Compensation act. These payments were evidence of the making of an agreement between the parties for the payment of compensation to the plaintiff, as the presumption would be that they were made only under the provisions of the law which required the making of an agreement. This presumption remained unrebutted by any evidence offered by the defendant to the contrary. In fact, the answer of the defendants was in the nature of a plea of confession and avoidance. It admitted the agreement, but claimed that the act under which it was made, in so far as it applied to the plaintiff's case, was unconstitutional. This contention is apparently abandoned by the appellants, due, probably, to the decision in the case of *O'Brien* v. *Det Forende Damphibs Selskab,* in the Court of Errors and Appeals, and reported in 94 *N. J. L.* 244.

The judgment below is affirmed, with costs.